UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM HOWARD | CIVIL ACTION |
| VERSUS | NO. 11-2951 |
| STATE OF LOUISIANA, through the ATTORNEY GENERAL OF LOUISIANA | SECTION "H" (2) |

## REPORT AND RECOMMENDATION

Plaintiff, William Howard, is a prisoner currently incarcerated in the Louisiana State Penitentiary Center in Angola, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against the State of Louisiana alleging that the process of selecting a grand jury foreman in his state court criminal case was racially discriminatory. Campbell v. Louisiana, 523 U.S. 392 (1998). He seeks monetary relief only, including compensatory and punitive damages. Record Doc. No. 1 (Complaint).

## THE RECORD

Howard is currently incarcerated in the Louisiana State Penitentiary at Angola based upon his conviction on August 7, 1995. The public record of this court in Howard's habeas corpus case, C.A. No. 08-4580 "J"(2), establishes that Howard was convicted of second degree murder in 1995, for which he is currently serving a sentence of life in prison. His habeas case in this court, in which he asserted that he received

ineffective assistance of counsel, was dismissed as time-barred on March 16, 2009. C.A. No. 08-4580 "J"(2), Record Doc. Nos. 9-11. No appeal was taken.

In the instant complaint, Howard alleges that his claim in this case is that the State of Louisiana violated his civil rights in connection with the criminal case in which he was convicted by "abusing the 'Discretionary Selection' provided by the provisions of article 413 of the La. Code of Crim. Procedures (sic) to practice racial discrimination." Id. (Complaint at ¶ IV).

Specifically, Howard alleges that his constitutional rights were violated during his criminal case "by using the [Article 413] selection to place whites in the position of Foreman of the Grand Jury." Id. ("Factual Background" at p. 1). He alleges that: "The practice demonstrates the bias and partial position of the Louisiana Courts, which prejudice the Plaintiff's position before the Courts, and has had an adverse effect on the Plaintiff's existance (sic) that continues to this very day." Id.

Howard's complaint expressly relies upon the decision of the United States Supreme Court issued 13 years ago in Campbell v. Louisiana, 118 U.S. 1419 (1998). He offers no explanation as to why he waited until now, more than 13 years after the Campbell decision was issued, to file the instant suit for monetary damages.

**ANALYSIS**

I.	STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore, 976 F.2d at 269. A prisoner's in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

In this case, plaintiff's complaint must be dismissed under 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e(c)(1), either as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6). Plaintiff's complaint is barred for both of the following two reasons.

## II. HECK BARS PLAINTIFF'S SECTION 1983 CLAIMS

In this case, plaintiff seeks monetary damages arising from an alleged constitutional deficiency in his state court criminal proceedings, specifically racial discrimination in the selection process for grand jury foreman. All such claims must be

4

dismissed at this time under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted). The Supreme Court's decision in Heck concerned a civil action for monetary damages of the type asserted by Howard in this case.

Plaintiff's claims are clearly connected to the validity of his present confinement. Heck, 512 U.S. at 479; see Rideau v. Whitley, 237 F.3d 472, 484 (5th Cir. 2000) (properly supported and asserted claim of racially discriminatory grand jury foreperson selection requires that a conviction be set aside and an indictment quashed). At the time

of filing this complaint, Howard was in custody in the Louisiana State Penitentiary in Angola, Louisiana, based upon a 1995 second degree murder conviction. His claim that his grand jury foreperson was selected in a racially discriminatory fashion, if properly asserted and proven, would undermine the validity of his conviction. Yet, he has not previously asserted this claim in his post-conviction proceedings, and any federal habeas petition that he might file at this extremely late date, 13 years after <u>Campbell</u>, would probably be dismissed in this court either as successive or as time-barred. Thus, the conviction that he challenges in this case has <u>not</u> been set aside in any of the ways described in <u>Heck</u>. Any claims for relief that he asserts, undermining his conviction and continued confinement, must be dismissed under <u>Heck</u>. As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the <u>Heck</u> conditions are met. <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996).

III. <u>STATUTE OF LIMITATIONS/PRESCRIPTION</u>

Howard's Section 1983 claim based upon his 1995 conviction and the 1998 decision of the Supreme Court in <u>Campbell</u> is barred by the applicable statute of limitations, or the concept of "prescription" under analogous Louisiana law. The district court may raise the limitations defense sua sponte in a suit filed in forma pauperis under 28 U.S.C. § 1915. <u>Wilke v. Meyer</u>, 345 Fed. Appx. 944, 2009 WL 3150381, at *1 (5th

Cir. 2009), cert. denied, 78 U.S.L.W. 3579 (2010); Lopez-Vences v. Payne, 74 Fed. Appx. 398, 2003 WL 22047325, at *1 (5th Cir. 2003) (citing Gartrell v. Gaylor, 981 F2d 254, 256 (5th Cir. 1993)).

Although Section 1983 has no statute of limitations, the Louisiana prescription statute is applicable to suits in federal court under Section 1983.

> Because there is no federal statute of limitations for § 1983 claims, the district court looks for comparison to the forum state's statute of limitations for personal injury claims. In Louisiana, personal injury claims are governed by La. Civ. Code Art. 3492, which provides for a prescriptive period of one year from the date of injury or damage.

Duplessis v. City of New Orleans, No. 08-5149, 2009 WL 3460269, at *4 (E.D. La. Oct. 26, 2009) (McNamara, J.) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007); Wilson v. Garcia, 471 U.S. 261, 275 (1985); Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989)); accord James v. Branch, No. 07-7614, 2009 WL 4723139, at *10 (E.D. La. Dec. 1, 2009) (Duval, J.) (citations omitted).

Federal law determines when a Section 1983 claim accrues. Jacobsen, 133 F.3d at 319.

> For purposes of calculating the limitations period, a § 1983 cause of action accrues when the plaintiff knows <u>or has reason to know</u> of the injury which forms the basis of his action. The Supreme Court has held that prescription begins to run at the point when "the plaintiff can file suit and obtain relief."

Duplessis, 2009 WL 3460269, at *5 (quoting Wallace v. Kato, 549 U.S. 384, 388 (2007)) (citing Jacobsen, 133 F.3d at 319; Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998)(emphasis added)); accord Dixon v. Cooper, 260 F. App'x 728, 729 (5th Cir. 2007); Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995). Determination of when plaintiff knew or should have known of the existence of a possible cause of action has two factors: "(1) [t]he existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." Id.; accord Dixon, 260 F. App'x at 729.

The date when the clerk of court receives the complaint, rather than the formal filing date, usually establishes the time of filing in forma pauperis complaints. Martin v. Demma, 831 F.2d 69, 71 (5th Cir. 1987). However, in the pro se prisoner context, a "mailbox rule" applies, so that the date when prison officials receive the complaint from the prisoner for delivery to the court is considered the time of filing for limitations purposes. United States v. Petty, 530 F.3d 361, 363 & n.1 (5th Cir. 2008); Stevenson v. Anderson, 139 F. App'x 603, 604 (5th Cir. 2005); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995)(date when prison officials receive complaint from prisoner in jail for delivery to the court is considered time of filing for limitations purposes).

In this case, the earliest date on which prison officials could have received Howard's complaint for delivery to this court is November 20, 2011, when he signed it.[1] Complaint, Record Doc. No. 1 at p. 6 and 8. Plaintiff's complaint is therefore considered to be filed and this action commenced on November 20, 2011 for limitations purposes.

In addition to applying the forum state's statute of limitations, federal courts should give effect to any applicable tolling provisions provided by state law. Lopez-Vences, 74 F. App'x at 398; Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002); Gartrell, 981 F.2d at 257. The running of prescription under Louisiana law may be suspended or tolled for equitable reasons, which have been expressed in the civilian legal principle of contra non valentem. Under this theory, there are four situations in which the one-year prescriptive period for delictual actions will not run: (1) if there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action, (2) if there was some condition coupled with the contract or connected proceeding which prevented the creditor from suing or acting, (3) if the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action, and (4) if the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. Dominion

---

[1] The complaint was tendered to the Clerk of Court for filing in this court on November 30, 2011 and was formally filed on December 6, 2011, after the court granted plaintiff's motion for leave to proceed in forma pauperis. Record Doc. Nos. 1, 2 and 3.

Explor. & Prod. Inc. v. Waters, 972 So. 2d 350, 358 (La. App. 4th Cir. 2007) (citing Wimberly v. Gatch, 635 So. 2d 206, 211 (La. 1994); Plaquemines Parish Comm'n Council v. Delta Dev. Co., 502 So. 2d 1034, 1054-55 (La. 1987)).

Thus, the "doctrine of contra non valentem recognizes that in limited circumstances prescription should not run if good cause exists as to why plaintiff would have been unable to exercise or was lulled into not exercising a cause of action when it first became exigible." Pracht v. City of Shreveport, 830 So. 2d 546, 551 (La. App. 2d Cir. 2002).

Howard has not alleged, nor could he plausibly contend, that he could not have known of the Campbell decision, issued 13 years ago, before now. Even if Howard was not actually aware of the 1998 Campbell decision, he certainly had reason to know about it during the period in which he previously challenged his second degree murder conviction in post-conviction proceedings conducted years ago. Certainly, "ignorance of legal rights and time limitations is not a basis for equitably tolling a statute of limitations." Dixon v. La. Dep't of Corr., 294 F. App'x 970, 970 (5th Cir. 2008) (citing Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991)); accord Bell v. City of Baton Rouge, 77 F. App'x 743, 743 (5th Cir. 2003), cert. denied, 540 U.S. 1223 (2004) (citing Groom v. Energy Corp., 650 So. 2d 324, 326 (La. Ct. App. 1995)). Under

these circumstances, Howard's claim in this case must be dismissed due to expiration of the one-year statute of limitations.

Plaintiff has not asserted any cause or condition that prompts application of the doctrine of contra non valentem. His complaint establishes that, almost 13 years before his filing of the instant action, even under the liberal "mailbox rule," the Supreme Court issued the Campbell decision on which defendants' allegedly unconstitutional actions and his resulting injuries are based. The record establishes no condition that might have tolled the statute of limitations or upon which the doctrine of contra non valentem might be applied. Howard reasonably should have known about this 13-year-old decision before now, especially in light of his pursuit three years ago of federal habeas relief. In short, because plaintiff did not commence his claim for monetary damages within the required one-year limitations period after he knew or should have known of the alleged constitutional violations, these claims under Section 1983 are time-barred and must be dismissed.

## RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous, for failure to state a claim on which relief may be granted

11

under 28 U.S.C. § 1915(e)(2) because it is barred by the applicable statute of limitations, or under Heck.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this ___21st___ day of December, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.